RAUL ALVAREZ TAVAREZ
Reg. # 92311-054
FCC Klein Blvd.
Lompoc, CA 93436-2706

Pro Se / Pro Per.

DOC # 39

2023 NOV -9 PH 8:42
U.S. COURT OF APPEALS
RECEIVED

RECEIVED
NOV 17, 2023
S.D.N.Y.

IN THE UNITED STATES DISTRICT COURT
THURGOOD MARSHALL UNITED STATES COURTHOUSE
NEW YORK, NEW YORK

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/2024

15 CR 234-01 (CM)

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO !8 U.S.C. § 3582 (C)(2) IN LIGHT OF RETROACTIVE EFFECT OF AMENDMENT 821 AND FSA ELDERLY OFFENDER

Comes now, petitioner RAUL ALVAREZ TAVAREZ, acting pro-se in necesity, requesting liberal construction to this Honorable Court when he ask for reduction of his sentence in the above criminal case, in light of the Retroactive effect of amendment 821, and FSA Elderly Offender Classification.

On August 24, 2023, The United States Sentencing Commission unanimously agreed to the retroactive application of amendment 821 for Criminal History and Zero-points offenders, the proposed amendment also provides a new range for sentencing proceedings and entering orders, reducing the defendant's term of imprisonment, has an effect on November 1st, 2023.

In light of the aforementioned synopsis, Alvarez-Tavarez, humbly comes before this Court requesting retroactive effect application of amendment 821 and FSA Elderly offender consideration, as he meets the criteria therein, in support thereof, he states the following:

B A C K G R O U N D.

On March 03, 2016, petitioner was arrested for Maritime drug vessel, 21 U.S.C. 859, on August 04, 2016, the Court sentenced him to 180 months of imprisonment. *Defendant has long since satisfied the ~36 month sentence this Court imposed on 7/22/15.*

*7/18/24 This motion is properly addressed to Judge Schofield under docket 21 CR 220 (LGS). Judge Schofield sentenced defendant in 2021 to 72 months' in prison. Clerk is directed to terminate Mtn at #39.*

MEMO ENDORSED

Copies mailed/faxed/handed to counsel on 7/18/2024

The original sentence determination has a criminal history category I, the 180 months belongs to the Low - end of level 35 of the advisory guidelines that the Honorable Judge utilized.

Petitioner request for redcution of sentence, based on the analysis of the criteria determined by the Congress in Part C of de mentioned Amendment "ADJUSTMENT FOR CERTAIN ZERO-POINTS OFFENDERS" & 4C1.1
(a) Adjustment if the defendant meets all of the following criteria:
1.- The defendant did not receive any criminal history points from chapter Four, part A; Response: NO
2.- The defendant did not receive an adjustment under & 3A1.4 Response: NO
3.- The defendant did not use violence or credible threats of violence in connection with the offense; Response: NO
4.- The offense did not result in death or serious bodily injury; Respnse: NO
5.- The instant offense of conviction is not a sex offense; Response: NO
6.- The defendant did not personally cause substantial financial hardship; Resp: NO
7.- The defendant did not possess, receive, purchase,transport,transfer,sell, or otherwise dispose of a firearm or other dangerous weapon (or induce other participant- to do so) in connection with the offense; Response: NO
8.- The instant offense of conviction is not covered by & 2H1.1 (individual Rights) Response: NO
9.- The defendant did notreceive any adjustment under & 3A1.1 (hate crime)or & 3A1.5 (serious human rights offense) Response : NO
10.-The defendant did not receive an adjustment under & 3b1.1(aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. & 848. Response: NO.;

  * Decrease the offense level determined under chapters Two and Three by 2 Levels.

  Here, Petitioner meets all the criteria for analysis under the new & 4C1.1

2

Section 3582(c)(2) of Title 18, United States Code, provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. section 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set for in section 3553(a) to extend that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission. " {i}f the commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

This criminal history / Zero points offender amendment has the effect of lowering guidelines range, the commission intends to consider whether, pursuant to 18 U.S.C. 3582(c)(2) and 28 U.S.C.994(u), parts A and B of this amendment, relating to the "status points" at & 4A1.1 (criminal History Category) and offenders with Zero criminal History points at New & 4C1.1 (Adjustment for Zero-Points offenders), was included in subsection (d) of & 1B1.10 (Reduction in Term of imprisonment as a result of Amended Guideline Range{policy Statement} as an amendment to be applied Retroactively to previous sentenced defendants.

Factors to consider set for in section 3553(a), "Rehabilitation".
Petitioner has taken advantage of every prison rehabilitation program, worthy of recognition and considerable for this sentencing reduction request. See attachment Prison program review.

Petitioner has maintained clear conduct, no incident report or disciplinary action was ruled on him.

Petitioner already received FSA time credits for his earned days due to the programing, clear conduct, low classification, and minimum recidivism.

In the case of the petitioner, under the factors set for in 3553(a), defendant alleged role in the underlying offense, does not pose any threat to public safety, petitioner's case is not one of violent nature.

Sentence reduction Requested: Zero-Points offender, 2 points reduction.

If the court were to apply a straightforward and mechanical formula to the sentence reduction, presumably it would resentence petitioner to a new sentence of 147 months which is the same amount of difference from the bottom low range of level 33 category I of the sentencing guidelines, minus 33% pursuant to the First Step Act "Elderly offender" of 2018.

Under the discretion of the Honorable Judge, the Court makes two determinations deciding whether or not to modify a sentence under 18 U.S.C. 3582(c)(2). First, what sentence would have been applied had retroactive amendment been in effect at the time the defendant was sentenced. Second, leaving untouched all the other previous factual decisions concerning the particularized sentencing factors, what sentence it would have been imposed, had the new sentencing range been the range at the time of the original sentence. See U.S. v. Wyatt, 115 F. 3d. - 606, 609 (8th Cir.).

## C O N C L U S I O N

Wherefore, for the above mentioned reasons, petitioner is entitled to a reduction of sentence, petitioner Prays that this Honorable Court GRANT him this motion for reduction of sentence under amendment 821, and recommend the "Elderly offender" 33% reduction as the FSA allowed in 12/21/2018.

dated: November 1, 2023

Respectfully submitted,

RAUL ALVAREZ TAVAREZ
Pro Se Litigant.